Francis X. Conlon, J.
This is a proceeding pursuant to article 78 of the Civil Practice Act. The petitioners seek to review and annul an order of the respondents which granted certain increases in service charges upon various conditions.
*793 The individual petitioner is the president of the Silver Mount Cemetery Association. She is also the holder of certificates of indebtedness of the association in a substantial sum of money. The cemetery is and has been for some time in a very poor financial position. A prior application was made to respondents for increases in charges which was granted on certain conditions. The pertinent conditions were that substantial payments be made to the permanent maintenance fund and that the individual petitioner would draw $100 per week while she devoted full time in the interest of the cemetery, these payments to be applied to the reduction of the certificate of indebtedness. This has not been done. However, another application was made for increases, which resulted in the order of respondents under attack in this proceeding.
The Cemetery Law, under which this order was made, was enacted in the exercise of the police power of the State. It has long been the law that the operation of a cemetery is impressed with public interest and that any contract relating to its operation contains an implicit clause making it subject to any changes made in the law. When the law was amended in 1949, the Legislature announced the policy that cemeteries were to be operated on a nonprofit basis for the benefit of lot owners and to prevent cemeteries from falling into disrepair.
If the operation of the cemetery, with which this proceeding is concerned, continues it will fall into complete disrepair and become a burden on the community. Section 82 of the Membership Corporations Law gives the respondent ample power to regulate the charges and conditions such order they make on matters which will promote the public welfare. It has been shown that the respondents gave great consideration to the facts of this matter before issuing the order. Therefore, as there is warrant in the record for the determination of the respondents, their action was' not arbitrary, capricious, unreasonable or illegal. Accordingly, the application is denied and the petition dismissed.